Kirk. J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorneys for Plaintiff Valyrian IP LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALYRIAN IP LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> TELUS COMMUNICATIONS (U.S.) INC., <br><br> *Defendant*. | CASE NO.: 2:20CV01315-WBS <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

**<u>FIRST AMENDED</u> COMPLAINT FOR PATENT INFRINGEMENT**

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1. Valyrian IP LLC ("Valyrian IP" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Telus Communications (U.S.) Inc. ("Telus" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,970,706, titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System" (the '706 Patent), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Valyrian IP LLC is a company established in Texas with its principal place of business at 6205 Coit Rd., Suite 300-1025, Plano, TX 75024.

4. On information and belief, Telus Communications (U.S.) Inc. is a wholly owned subsidiary of Telus Corporation which is incorporated in Delaware and may be served by its registered agent CT Corporation System, 818 W 7th St #930, Los Angeles, CA 90017.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of California and the Eastern district of California; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this district; (3) Defendant has sought protection and benefit from the laws of the State of California; (4) Defendant regularly conducts business within the State of California and within this district, and Plaintiff's cause of action arises directly from Defendant's

business contacts and other activities in the State of California and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of California.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of California, and the Eastern district of California including but not limited to the products which contain the infringing '706 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of California and in this district; Defendant solicits and has solicited customers in the State of California and in this district; and Defendant has paying customers who are residents of the State of California and this district and who each use and have used the Defendant's products and services in the State of California and in this district.

8. Venue is proper in the Eastern district of California pursuant to 28 U.S.C. §§ 1400(b). Defendant has transacted business in this district and has committed acts of patent infringement in this district. Defendant has a regular and established place of business in the District, including corporate office at 255 Parkshore Drive, Folsom, CA 95630 which is located in Sacramento County.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On November 29, 2005, United States Patent No. 6,970,706 was duly and legally issued by the United States Patent and Trademark Office. The '706 Patent is titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System."

11. Valyrian IP is the assignee of all right, title and interest in the '706 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '706 Patent. Accordingly, Valyrian IP possesses the exclusive right and standing to prosecute the present action for infringement of the '706 Patent by Defendant.

12. The application leading to the '706 patent was filed on December 5, 2000.

13. The present invention relates to personal telephone systems that are able to transmit and receive digital signals between fixed sets and fixed stations in a cordless system. (*See* Ex. A, at 1:8-10.) More particularly, the present invention relates to providing a hierarchical call control with a selective broadcast messaging service in a cordless telephone system. (*See* Ex. A at 1:11- 13.)

14. Time division multiple access (TDMA) cordless phone systems provide a base unit which is able to provide connections for a plurality of mobile units, such as handsets. (*See* Ex. A at 1:16-18.) Such TDMA systems use time division to provide a plurality of slots, where the base (fixed part) transmits to an individual (portable unit) mobile unit during a particular slot of time and receives from the individual mobile unit during a particular slot of time. (*See* Ex. A at 1:19-23.)

15. At the time of the inventions, there was a lack of capability to simultaneously send a voice message to all mobile units associated with a base unit. (*See* Ex. A at 1:39-42.) Since conventional cordless telephone systems did not provide a broadcast mode, it was impossible for a base station to send a call from an identified caller to only a specific mobile unit. (*See* Ex. A at 1:49- 52.) Conventional cordless systems were also incapable of broadcasting a message deemed to be an important message to all, or even a selected group, of mobile units. (*See* Ex. A at 1:52-55.)

16. The inventions disclosed in the Patents-in-Suit were not well-understood, routine, or conventional. At the time the Patent-in-Suit was filed, there existed various problems in how mobile communications devices processed environmental inputs. In a cordless phone system having a base station and a plurality of mobile units, it is desirable to provide a mechanism whereby an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only selected mobile units. (*See* Ex. A at 1:56-62.)

17. To achieve the foregoing and other objects and in accordance with the purpose of the present invention a method for providing a hierarchical call control

paradigm in a cordless telephone system is described. (*See* Ex. A at 1:66-2:2). The inventive hierarchical call control controls incoming calls depending on their phone number or settings that the customer programs into his system i.e. that he does not want to be disturbed by broadcast. (*See* Ex. A at 2:2-6.)

18. The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in computerized electronic data communications networks and an improved method for managing mobile device communication.

19. Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind. Indeed, they are rooted in providing a mechanism whereby an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only selected mobile units. One of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in limiting mobile device communication by aggregating information from mobile device sensors and/or other information sources, the solutions it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

20. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Telus Business Connect system (the "Accused Product" or "Accused Instrumentality").

## COUNT I

### (Infringement of U.S. Patent No. 6,970,706)

21.  Plaintiff incorporates the above paragraphs herein by reference.

22.  The '706 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 29, 2005. The '706 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

23.  Plaintiff is the owner by assignment of the '706 patent and possesses all rights of recovery under the '706 patent, including the exclusive right enforce the '706 patent and pursue lawsuits against infringers.

24.  Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe on one or more claims of the '706 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

25.  Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

26.  Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '706 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

27.  Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '706 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

28.  By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '706 Patent, including at least Claim 1. Attached hereto

as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 1 of the '706 Patent.

29. Additionally, or in the alternative, any acts of Defendant's customers and/or end-users that perform one or more steps of at least one claim of the Patent-in-Suit are directly attributable to Defendant, as Defendant directs and controls its customers' and/or end-users' in the operation of its Telus Business Connect system. *See Akamai Technologies, Inc. v. Limelight Networks, Inc.,* 797 F.3d 1020, 1022–23 (Fed. Cir. 2015). As a result, Defendant is directly responsible for customers' and/or end users' infringement of the Patent-in-Suit. Defendant exerts this control, for example, through (1) its technological control of the Telus Business Connect system, including the design, development, testing, and operation of the system; and (2) the licensing terms of its agreement with its customers and other third parties for the Telus Business Connect system. Through this control, Defendant establishes the manner and/or timing of its customers' and/or end-users' performance of the claimed inventions. Furthermore, Defendant conditions the benefit of the Accused Product on the end-user's performance of the steps of the claimed inventions. *See Akamai Techs., Inc.*, 797 F.3d at 1023 ("liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance").

**Induced Infringement – 35 U.S.C. § 271(b)**

30. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

31. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '706 Patent in the State of California, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include,

for example, Defendant's customers and other third parties interacting with the accused technology.

32. Defendant had post-suit knowledge when this suit was filed. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012).

33. Defendant knew the Accused Product infringes the '706 Patent and yet Defendant induced and continues to induce others-including partners, customers, and third parties-to directly infringe at least one claim of the '706 Patent under 35 U.S.C. § 271(b). Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement"); *see also, e.g.*, Ex. C[1] (promoting call handling and forwarding features that "[offer] flexibility on how you want your calls to be handled"); Ex. D[2]; Ex. E[3] (advertising a cordless IP phone to be used with the infringing service) Ex. C; Ex. F[4]; Ex. G[5]; Ex. H[6] (guides and manuals describing call handling features and how to implement them).

**Contributory Infringement – 35 U.S.C. § 271(c)**

---

[1] https://business.telus.com/en/business/support/global/how-to/business-connect-call-handling-and-forwarding-overview

[2] https://www.telus.com/en/on/business/small/phone/cloud-phone-systems/device-catalogue

[3] https://www.yealink.com/upfiles/products/datasheet/Yealink-W56P-Datasheet.pdf

[4] http://cdn.business.telus.digital/cms/files/files/000/001/067/original/TELUS_VoiceManager_UserGuide.pdf

[5] http://cdn.business.telus.digital/cms/files/files/000/001/336/original/TELUSforGoogleUserGuide_P3_Accessible.pdf

[6] http://cdn.business.telus.digital/cms/files/files/000/001/067/original/TELUS_VoiceManager_UserGuide.pdf

34. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

35. Defendant had knowledge when this suit was filed. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012).

36. On information and belief, the software modules and code that implement and perform the infringing functionalities identified above are specially made and adapted to carry out said functionality and do not have any substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses). The Accused Product does not allow one to disable the infringing technology when used.

**Willful Infringement**

37. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

38. Defendant had post-suit knowledge when this suit was filed. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012).

39. Despite its knowledge of the '706 Patent, Defendant has sold and continues to sell the Accused Product in egregious disregard of Plaintiff's patent rights. Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '706 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

40. Plaintiff incorporates each of the allegations in the paragraphs above and

respectfully asks the Court to:

    (a)    enter a judgment that Defendant has directly infringed one or more claims of each of the '706 Patent;

    (b)    enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement of the patent-in-suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

    (e)    enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

    (f)    award Plaintiff all other relief that the Court may deem just and proper.

Dated: August 20, 2020        Respectfully submitted,

                                */s/ Kirk J. Anderson*

                              Kirk. J. Anderson (SBN 289043)
                              kanderson@budolaw.com
                              BUDO LAW P.C.
                              5610 Ward Rd., Suite #300
                              Arvada, CO 80002
                              (720) 225-9440 (Phone)
                              (720) 225-9331 (Fax)

                              ***Attorney(s) for Plaintiff Valyrian IP LLC***